UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 10, 2019

LETTER TO COUNSEL

    RE:    *Candace T. v. Commissioner, Social Security Administration*
              Civil No. 1:18-cv-02687-JMC

Dear Counsel:

On August 30, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment, and Plaintiff's reply. (ECF Nos. 17, 20, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on December 3, 2013, alleging an onset date of March 31, 2009. (Tr. 282–91). Her claims were denied initially, and again on reconsideration. (Tr. 108–11, 113–14). A hearing was held on May 16, 2017, before Administrative Law Judge Tierney Carlos ("ALJ"). (Tr. 39–84). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13–32). The Appeals Council declined review (Tr. 1–6), and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine; lumbosacral radiculopathy; degenerative disc disease of the cervical spine; degenerative join disease of the right knee; chronic pain syndrome; anxiety; and depression." (Tr. 16). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; and she must avoid all exposure to unprotected heights. The claimant can perform simple, routine, and repetitive tasks, but not at a production pace. She can make simple work-related decisions and have occasional contact with supervisors, coworkers, and the public.

Tr. 21.

After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in significant numbers in the national economy. (Tr. 29–31). Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. (Tr. 30–31).

Plaintiff makes two primary arguments on appeal: (1) the ALJ's analysis of Plaintiff's limitations in concentration, persistence, or pace was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to resolve apparent conflicts between the VE testimony and the Dictionary of Occupational Titles ("DOT"). I agree that the ALJ's opinion did not comport with *Mascio*, and I therefore remand the case for further analysis.

First, Plaintiff argues that the ALJ's RFC analysis of Plaintiff's limitations in concentration, persistence, or pace failed to comply with the requirements of *Mascio v. Colvin*. 780 F.3d 632, 638 (4th Cir. 2015). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 637–38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Listings 12.00 *et seq.* pertain to mental impairments. *Id.* at § 12.00 (2018). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2018). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c) (2018).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than

unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 20). The ALJ stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. The claimant estimates that she can pay attention 15 minutes at a time. She also states that pain interferes with concentration and that her pain medication makes her sleepy. In documentation submitted during the claims process, the claimant stated that she enjoyed reading books and magazine. However, she testified that she no longer reads.

Tr. 20 (internal citations omitted).

The ALJ cited exclusively to Plaintiff's subjective statements from her function reports and hearing testimony, in finding that Plaintiff had a moderate limitation in concentration, persistence, or pace. *Id.* In the RFC analysis, the ALJ noted that the mental health records consisted primarily of "treatment plans that do not provide much detail on the claimant's functioning." (Tr. 23). The ALJ noted that the mental health records showed Plaintiff had "a euthymic mood, and her affect was flat," with pessimistic thought content and slow thought process, and appeared alert. (Tr. 28; Tr. 584). The ALJ gave "great weight" to Plaintiff's GAF score of 55 because, while it "represent[ed] only the subjective opinion of one clinician, on one day, at a single point in time, the score [was] relatively consistent with the mental health records showing no more than moderate functional limitations." *Id.* The ALJ gave "partial weight" to the assessments from the State psychological consultants (Tr. 29): Dr. Edmunds found that there was insufficient evidence to evaluate Plaintiff's claim, but did opine that Plaintiff's anxiety was severe (Tr. 90) and Dr. Grubbs also opined that Plaintiff's anxiety was severe, but found no more than mild limitations resulting from the impairment. (Tr. 100–01). The ALJ agreed that there was "minimal evidence related to the claimant's mental health," but, in "crediting the claimant's testimony and subjective complaints," the ALJ found "the evidence [was] sufficient to support more than minimal functional limitations." (Tr. 29).

The restriction to "simple, routine, and repetitive tasks" in this case is directly analogous to the limitations deemed insufficient in *Mascio*. 780 F.3d at 638 (finding "simple, routine tasks

3

or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). In the absence of any additional limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. *Id.* at 638. The ALJ has not provided such an explanation here. Without an adequate analysis provided by the ALJ on the issue of Plaintiff's limitations in concentration, persistence, and pace, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace, with only normal breaks. In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

The Commissioner maintains that *Mascio* only requires remand where a reviewing court is "left to guess" at how an ALJ arrived at his conclusions, and that, here, "there is no guesswork" because the ALJ's "basis for the RFC finding is clear." (ECF No. 20-1 at 5–6). For support, the Commissioner cites to the ALJ's accreditation of Plaintiff's testimony and subjective complaints. *Id.* at 7. However, that shows how the ALJ determined that Plaintiff had a moderate limitation in her ability to concentrate, persist, and maintain pace, and not whether Plaintiff required a limitation to address it in her RFC. While the Commissioner argues that the ALJ provided an explanation for why Plaintiff's RFC does not include a limitation addressing Plaintiff's moderate limitation in concentration, persistence, and pace (ECF No. 20-1 at 7), there is no such discussion in the ALJ's decision. *See* (Tr. 21–29). *Mascio* requires more.

Second, Plaintiff argues that the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT. (ECF No. 17 at 21–27). The ALJ is required to address any conflicts or apparent conflicts between the VE's testimony and the information contained in the DOT. *See Pearson v. Colvin*, 810 F.3d 204, 208–10 (4th Cir. 2015) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."). Plaintiff first argues that the ALJ erred by not questioning the VE's testimony that Plaintiff was capable of performing the representative occupation of surveillance systems monitor (DOT 379.367-010) because it requires "talking" on a frequent basis and the ALJ limited Plaintiff to "occasional contact with supervisors, coworkers, and the public." (ECF No. 17 at 25 (quoting Tr. 25)). Plaintiff further argues that the ALJ failed to resolve an apparent conflict between Plaintiff's RFC limitation to tasks performed "not at a production pace,"[1] and the other three representative occupations proffered by the VE, because they either require work on a "conveyor belt," *see* DOT §§ 713.687-026 (eyeglass lens inserter), 361.687-014 (laundry sorter), or an "assembly line," *see* DOT § 706.684-022 (products assembler). (ECF No. 17 at 26).

---

[1] Although the Commissioner contends that "production pace" is a "decipherable term," (ECF No. 20-1 at 9), the Fourth Circuit has held that the ALJ's failure to define "production rate or demand pace" was fatal to an RFC assessment, because the lack of clarity frustrated appellate review. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *See also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the ALJ did not define "production pace," an analogous term. On remand, the ALJ can consider whether to include or define such a term.

4

The Commissioner argues in response to Plaintiff's surveillance systems monitor argument that "[Plaintiff] does not have a restriction in her ability to talk – she has a restriction in how much contact she can have with others." (ECF No. 20-1 at 12). Regarding Plaintiff's production pace argument, the Commissioner concedes that there is an apparent conflict with the occupation of products assembler, (ECF No. 20-1 at 13, n.9). However, the Commissioner asserts that there is no conflict with the other two occupations because "the conveyer belt is used only *after* the worker has performed her function." *Id.* at 14 (citing DOT §§ 713.687-026, 361.687-014). Because this case is being remanded for other reasons, the ALJ can consider, on remand, whether additional questions are required to elicit an explanation from a VE regarding any apparent conflicts.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 17), is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

  /s/

J. Mark Coulson
United States Magistrate Judge